IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 4:CR-03-23 |
| vs. | : | 4:CV-05-603 |
| | : | |
| MICHAEL KUCEWICZ | : | (Judge McClure) |

**O R D E R**

April 20, 2005

BACKGROUND:

On April 16, 2003, this court imposed a sentence of 36 months imprisonment on Michael Edward Kucewicz following his guilty plea for threatening to assault a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B).

The court now has before it Kucewicz's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed March 25, 2005.  This is Kucewicz's first 2255 motion.  Kucewicz contends that in light of the recent case of United States v. Booker, – U.S. –, 125 S.Ct. 738 (2005), he is entitled to a sentence reduction.  Kucewicz's motion will be denied as untimely because Booker is not retroactively applicable to cases on collateral review that became final before January 12, 2005.

DISCUSSION:

In 1996 Congress passed the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective April 24, 1996.  AEDPA, among other things, amended § 2255 to provide a one-year statute of limitations and also placed stringent restrictions on the filing of a second or successive motion.

Under 28 U.S.C. § 2255, Kucewicz had one year from the date his conviction became final or the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  In the instant case, Kucewicz did not file the motion within one year of the date on which the judgment became final.  Kucewicz did not file an appeal from the sentence we imposed on him.  Therefore, his conviction became final ten days after the sentence was imposed, when his opportunity for direct review was foreclosed.

Thus, whether Kucewicz's present motion is timely depends on whether Booker declared a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.  Booker did not expressly state whether it was retroactively applicable to cases that became final before Booker was decided.  Several Courts of Appeals have

addressed the issue and have concluded that Booker does not retroactively apply to cases in collateral proceedings. Guzman v. United States, – F.3d –, 2005 WL 803214, *4 (2d Cir. Apr. 8, 2005) ("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."); Humphress v. United States, 398 F.3d 855, 857 (6th Cir. 2005) ("Booker . . . does not apply retroactively to cases already final on direct review."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

The Third Circuit, in the context of denying a second or successive motion under § 2255 seeking to apply Booker retroactively[1] stated that "there is no

---

[1] The text governing retroactivity determinations for second or successive motions under § 2255 is slightly different from the text governing retroactivity for purposes of the statute of limitations on a first motion under § 2255. For purposes of second or successive motions the statute states "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (emphasis added). For purposes of the statute of limitations on first motions the code states "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

combination of Supreme Court decisions that 'dictates' that Booker has retroactive force on collateral review." In re Olopade, – F.3d –, 2005 WL 820550, *3 (3d Cir. Apr. 11, 2005). The circuit court went on to discuss how the most analogous Supreme Court precedent strongly suggests Booker is not retroactive. Id. (discussing Schriro v. Summerlin, 542 U.S. –, 124 S.Ct. 2519 (2004)). Therefore, Booker is not retroactively applicable to cases on collateral review that were final before the January 12, 2005 decision. See United States v. Wheeler, No. 97-094 (M.D. Pa. Apr. 14, 2005) (Muir, J.). Consequently, Kucewicz's motion under § 2255 is untimely and will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Kucewicz's motion under § 2255 is denied. (Rec. Doc. No. 15.)
2. There is no basis for the issuance of a certificate of appealability.
3. The clerk is directed to close the case file docketed to 4:CV-05-0603.

---

collateral review." Id. (emphasis added). Thus, the statute only explicitly requires that the Supreme Court determine whether a new constitutional rule retroactively applies to second or successive motions under § 2255.

                          <u>s/ James F. McClure, Jr.</u>
                          James F. McClure, Jr.
                          United States District Judge